UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

DAVID CAMMIE CAMERON, )
    Plaintiff, )
  )
  )
v. )   Case No. 5:18-cv-204
  )
LISA MENARD, MARK POTANAS, )
and JOSHUA RUTHERFORD, )
    Defendants. )

**ORDER ON MAGISTRATE JUDGE'S REPORT
AND RECOMMENDATION
(Docs. 3, 6, 11, 18)**

This case concerns plaintiff's claim that three Vermont Department of Corrections ("DOC") officials bear responsibility for injuries plaintiff sustained in a prison assault. Plaintiff attributes the assault by another prisoner to her status as a transgendered inmate.[1]

Upon filing, the court referred the case to U.S. Magistrate Judge Conroy pursuant to the automatic referral provision in Local Rule 73(g)(2) applicable to actions challenging the conditions of confinement of prisoners. Judge Conroy considered three motions: defendant Potanas's motion to dismiss (Doc. 3), defendants Rutherford and Menard's motion to dismiss (Doc 6), and plaintiff's motion to strike all evidence of her nolo contendere plea (Doc. 11).

On August 13, 2019, Judge Conroy issued a Report and Recommendation (Doc. 18). The Report and Recommendation recommended as follows:

- Denial of defendants' request that the court take judicial notice of the transcript of a plea colloquy in which plaintiff entered a nolo contendere plea to a charge of simple assault on a fellow prisoner.

---

[1] Plaintiff was born as a male child and now identifies as a transgendered female following hormone therapy. The court follows her preference in using female pronouns. Doc. 1, ¶ 2.

- Grant of plaintiff's request that the court take judicial notice of an administrative regulation (Vermont Department of Corrections Directive 423.01) concerning standards for safely housing prisoners who identify as transgender.
- Denial of defendants' motions to dismiss as it related to claims that defendants failed to protect her from a substantial risk of serious harm.
- Grant of defendants' motions to dismiss as it relates to claims of inadequate training and supervision and state-law claims of negligence and false imprisonment.

No party has filed an objection to the Report and Recommendation.

The court has read the Report and Recommendation with care and adopts it in all respects. Judge Conroy has thoughtfully outlined the positions of both sides. He has identified the relevant authority and applied it accurately. Pursuant to 28 U.S.C. § 636 and Local Rule 72, the court continues referral of the case to Judge Conroy for all pre-trial matters as authorized by 28 U.S.C. § 636(b)(1)(A) and subject to the limitations of that section. The parties may consider whether they wish to consent to an order authorizing direct assignment of the case to Judge Conroy pursuant to 28 U.S.C. § 636(c)(1). The parties are free to withhold consent without adverse substantive consequences.

## Conclusion

Defendants' motions to dismiss (Doc. 3 and 6) are GRANTED in part and DENIED in part. Plaintiff's motion to strike (Doc. 11) is DENIED as moot.

SO ORDERED.

Dated at Rutland, in the District of Vermont, this 25th day of September, 2019.

_____
Geoffrey W. Crawford, Chief Judge
United States District Court